JUSTICE DOUGHERTY, Concurring
 

 I agree with the Opinion Announcing the Judgment of the Court ("OAJC") that 42 Pa.C.S. § 9718(a)(3) ("A person convicted of the following offenses shall be sentenced to a mandatory term of imprisonment ...") "simply cannot run afoul of a constitutional rule disapproving judicial fact-finding related to 'facts that increase mandatory minimum sentences.' " OAJC, Op. at 21,
 
 quoting
 

 Alleyne v. United States
 
 ,
 
 570 U.S. 99
 
 , 116,
 
 133 S.Ct. 2151
 
 ,
 
 186 L.Ed.2d 314
 
 (2013). The rule established in
 
 Alleyne
 
 is not violated when judicial fact-finding is not necessary prior to imposing a mandatory minimum sentence, regardless of whether the statutory provision at issue is accompanied by a "proof at sentencing" provision like the one found at 42 Pa.C.S. § 9718(c).
 
 See
 
 OAJC op. at 21
 
 .
 
 I therefore concur in the result reached by the OAJC.
 

 Respectfully, however, I cannot agree with the OAJC's reasoning distinguishing the
 
 Alleyne
 
 analyses of Section 9718(a)(3), at issue in this case, and Section 9718(a)(1), at issue in
 
 Commonwealth v. Wolfe
 
 ,
 
 636 Pa. 37
 
 ,
 
 140 A.3d 651
 
 (2016). In my view, the OAJC does not sufficiently cabin the holding in
 
 Wolfe
 
 and I maintain my position
 
 Wolfe
 
 was wrongly decided.
 
 See, e.g
 
 .,
 
 Wolfe
 
 ,
 
 140 A.3d at 672
 
 (Dougherty, J., dissenting) ("I have difficulty upsetting the judgment below without considering the actual trial and litigation of the matter ... this particular defendant was afforded all the United States Constitution could be said to mandate at his trial").
 

 Although Section 9718(a)(1) may violate
 
 Alleyne
 
 as applied to certain defendants, "[t]he focus for purposes of
 
 Alleyne
 
 is not on the sentencing statute, but, rather, on whether a defendant has been denied his or her right to a trial by jury on the facts triggering a sentence."
 
 Wolfe
 
 ,
 
 140 A.3d at 669
 
 (Todd, J., dissenting). Today we correctly hold appellee's right to a jury trial was satisfied because judicial fact-finding was unnecessary, but the same was true in
 
 Wolfe
 
 . Wolfe was convicted of involuntary deviate sexual intercourse under 18 Pa.C.S. § 3123(a)(7), an element of which is that the complainant is under sixteen years of age. Wolfe was then sentenced under Section 9718(a)(1) which provides for a mandatory minimum sentence of not less than ten years for those convicted under 18 Pa.C.S. § 3123 when the victim is under sixteen years of age. This "additional fact" of the age of the victim was found beyond a reasonable doubt by the jury in Wolfe's case and thus judicial fact-finding was unnecessary regardless of the "proof at sentencing" provision found at Section 9718(c). Pursuant to the OAJC's analysis
 of Section 9718(a)(3) in this case, an analysis in which I join, the
 
 Alleyne
 
 rule could not have been violated in
 
 Wolfe
 
 , and in my view, that decision should be overturned.
 

 Justice Todd joins Justice Dougherty's concurring opinion